**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

HOMERO MIGUEL PEREZ
c/o 519 H Street NW
Washington, DC 20001

LUIS CERVANTES CISNEROS
c/o 519 H Street NW
Washington, DC 20001

MARIO ALBERTO MEJIA
c/o 519 H Street NW
Washington, DC 20001

FELIPE VELASQUEZ
c/o 519 H Street NW
Washington, DC 20001

ANIBAL SANCHEZ LOPEZ
c/o 519 H Street NW
Washington, DC 20001

HUGO VELASQUEZ
c/o 519 H Street NW
Washington, DC 20001

AGUSTIN LOPEZ
c/o 519 H Street NW
Washington, DC 20001

ALFREDO LANDAVERDE
c/o 519 H Street NW
Washington, DC 20001

JOSE JOYA
c/o 519 H Street NW
Washington, DC 20001

DAVID GOMEZ SALMERON
c/o 519 H Street NW
Washington, DC 20001

**COMPLAINT**

Civil Action No. _____

**CLASS ACTION REQUESTED**

ZONIA LOVO
c/o 519 H Street NW
Washington, DC 20001

JUAN SANDOVAL CRUZ
c/o 519 H Street NW
Washington, DC 20001

ELMER JOEL RIVERA GUARDADO
c/o 519 H Street NW
Washington, DC 20001

FELIPA VELASQUEZ ROMERO
c/o 519 H Street NW
Washington, DC 20001

RICARDO RODRIGUEZ
c/o 519 H Street NW
Washington, DC 20001

ANA PORTILLO CABRERA
c/o 519 H Street NW
Washington, DC 20001

ALICIA GUADALUPE GODOY
c/o 519 H Street NW
Washington, DC 20001

JESUS VILLEGA OLIVAR
c/o 519 H Street NW
Washington, DC 20001

JOSE ALFREDO FERRUFINO
a/k/a ALFREDO JOSE FERRUFINO
c/o 519 H Street NW
Washington, DC 20001

RAMON ALEXI FERRUFINO
c/o 519 H Street NW
Washington, DC 20001

        Plaintiffs,

v.

GALI SERVICE INDUSTRIES, INC.
d/b/a GALI SERVICE INDUSTRIES
12312 Wilkins Avenue
Rockville, MD 20852

BOLANA CAPITOL ENTERPRISES, INC.
4645 Nannie Helen Burroughs Avenue NE
Suite 260
Washington, DC 20019

BOLANA ENTERPRISES, INC.
5710 Lincoln Avenue
Lanham, MD 20706

FRANCISCO GALI, SR.
6504 Smoot Drive
McLean, VA 22101

FRANCISCO JAVIER GALI
10109 Garden Way
Potomac, MD 20854

FRANCISCO I. CEDILLOS
7220 Hansford Court
Springfield, VA 22151

LEROY DORSEY DOCK
11708 Bishops Content Road
Bowie, MD 20721

VALARIE DOCK
11708 Bishops Content Road
Bowie, MD 20721

     Defendants.

## **COMPLAINT**

1.     The twenty Plaintiffs worked as janitors for Defendants' cleaning company – Gali

Service Industries, Inc.

2.      On approximately September 12, 2018, Defendants caused Gali Service Industries, Inc. to cease operations and terminate Plaintiffs' employment — without paying Plaintiffs for their a) final 3–5 workweeks, or b) accrued paid leave.

3.      Defendants then consolidated their more lucrative D.C. and Maryland cleaning contracts, respectively, under two different entities: Bolana Capitol Enterprises, Inc. and Bolana Enterprises Inc. (collectively, the "Bolana Entities"). The Bolana entities continued to employ many of the same people, use the same equipment, be controlled by the same management team, and carry on the same business.

4.      Defendants effectuated the transfer of their business from Gali Service Industries, Inc. to the Bolana Entities specifically to avoid the payroll liabilities detailed below.

5.      Plaintiffs bring this action to recover damages for Defendants' willful failure to pay wages pursuant to the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq*.

6.      Plaintiffs bring their claims as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of: **All individuals employed by Gali Service Industries in the District of Columbia and/or Maryland who (a) were not paid for work performed between August 1, 2018 and September 12, 2018 and/or (b) were not paid for their accrued paid leave when they were terminated by Gali Services Industries in 2018.**

## Jurisdiction and Venue

7.      Jurisdiction is proper pursuant to 28 U.S.C. 1332(d) (CAFA jurisdiction) because: a) the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, b) there are

members of the class of plaintiffs who are citizens of a state different than at least one

Defendant, and c) the number of members of all proposed plaintiff classes is 100 or greater.

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants either reside in this

district and division, or a substantial part of the acts or omissions giving rise to Plaintiffs' claims

occurred in this district and division.

### Parties

9.      Plaintiffs Homero Miguel Perez, Luis Cervantes Cisneros, Mario Alberto Mejia, Felipe

Velasquez, Anibal Sanchez Lopez, Hugo Velasquez, Agustin Lopez, David Gomez Salmeron,

Juan Sandoval Cruz, Ricardo Rodriguez, Ramon Alexi Ferrufino are adult residents of the

District of Columbia.

10.     Plaintiffs Alfredo Landaverde, José Joya, Zonia Lovo, Elmer Joel Rivera Guardado,

Felipa Velasquez Romero, Ana Portillo Cabrera, Alicia Guadalupe Godoy, and José Alfredo

Ferrufino are adult residents of Maryland.

11.     Plaintiff Jesus Villega Olivar is an adult resident of Virgina.

12.     Defendant Gali Service Industries, Inc. ("Gali Service Industries") is a Maryland

corporation. It does business as Gali Service Industries. Its principal place of business is located

at 12312 Wilkins Avenue, Rockville, MD 20852. It is registered to do business within the

District of Columbia. Its registered agent for service of process is C T Corporation System, 1015

15th Street NW, Suite 1000, Washington, DC 20005.

13.     Defendant Bolana Capitol Enterprises, Inc. ("Bolana Capitol") is a District of Columbia

corporation. Its principal place of business is located at 4645 Nannie Helen Burroughs Avenue

NE, Suite 260, Washington, DC 20019. Its registered agent for service of process is Deborah

Jones, 4016 Martin Luther King Jr. Avenue SW, Washington, DC 20032.

14.     Defendant Bolana Enterprises, Inc. ("Bolana Enterprises") is a Maryland corporation. Its principal place of business is located at 5710 Lincoln Avenue, Lanham, MD 20706. Its registered agent for service of process is Leroy Dock, 11708 Bishops Content Road, Bowie, MD 20721.

15.     Defendant Francisco Gali, Sr. is an adult resident of Virginia. He resides at 6504 Smoot Drive, McLean, VA 22101. He is an owner and officer of Defendant Gali Service Industries. He exercised control over the operations of Gali Service Industries — including its pay practices. He is Defendant Francisco Javier Gali's father.

16.     Defendant Francisco Javier Gali is an adult resident of Maryland. He resides at 10109 Garden Way, Potomac, MD 20854. He is an owner and officer of Defendants Gali Service Industries, Bolana Capitol, and Bolana Enterprises. Upon information and belief, he is an owner He exercises control over the operations of Gali Service Industries, Bolana Capitol, and Bolana Enterprises — including their pay practices. He is Defendant Francisco Gali, Sr.'s son.

17.     Defendant Francisco I. Cedillos is an adult resident of Virginia. He resides at 7220 Hansford Court, Springfield, VA 22151. He is the Director of Operations of Gali Service Industries. He exercises control over the operations of Gali Service Industries — including its pay practices.

18.     Defendant Leroy Dorsey Dock is an adult resident of Maryland. He resides at 11708 Bishops Content Road, Bowie, MD 20721. He is the Chief Operating Officer of Defendant Gali Service Industries. He is an owner and officer of Defendants Bolana Capitol and Bolana Enterprises. He exercises control over the operations of Gali Service Industries, Bolana Capitol, and Bolana Enterprises — including their pay practices. He is the husband of Defendant Valerie Dock.

19.     Valarie Dock is an adult resident of Maryland. She resides at 11708 Bishops Content Road, Bowie, MD 20721. She is an owner and President of Defendants Bolana Capitol and Bolana Enterprises. She exercises control over the operations of Defendants Bolana Capitol and Bolana Enterprises — including their pay practices. She is the wife of Defendant Leroy Dorsey Dock.

### Factual Allegations Regarding Plaintiffs

20.     Plaintiffs and similarly situated individuals worked for Gali Service Industries in 2018.

21.     Plaintiffs and similarly situated individuals worked either in the District of Columbia or Maryland.

22.     Plaintiffs and similarly situated individuals worked as janitorial staff.

23.     Plaintiffs and similarly situated individuals performed job duties typically associated with janitorial services, such as sweeping, vacuuming, and mopping floors, cleaning bathrooms, and restocking bathroom supplies.

24.     Plaintiffs and similarly situated individuals were paid either by direct deposit or check.

25.     Plaintiffs and similarly situated individuals were paid semi-monthly.

26.     Plaintiffs and similarly situated individuals were either paid by the hour, or with a fixed, semimonthly salary.

27.     As of July 1, 2018, Plaintiffs were paid approximately as follows:

| Plaintiff | Hourly/Salary | Rate of Compensation |
|---|---|---|
| Homero Miguel Perez | Hourly | $13.25 |
| Luis Cervantes Cisneros | Hourly | $13.25 |
| Mario Alberto Mejia | Salary -1/2 mo. | $2,123.00 |
| Felipe Velasquez | Hourly | $13.25 |
| Anibal Sanchez Lopez | Hourly | $13.25 |
| Higo Velasquez | Hourly | $13.25 |
| Agustin Lopez | Hourly | $13.25 |
| Alfredo Landaverde | Hourly | $13.75 |
| Jose Joya | Hourly | $16.40 |

| David Gomez Salmeron | Hourly | $13.25 |
| Zonia Lovo | Hourly | $15.60 |
| Juan Sandoval Cruz | Hourly | $15.60 |
| Elmer Joel Rivera Guardado | Hourly | $13.25 |
| Felipa Velasquez Romero | Hourly | $13.25 |
| Ricardo Rodriguez | Hourly | $13.25 |
| Ana Portillo Cabrera | Hourly | $13.25 |
| Alicia Guadalupe Godoy | Hourly | $14.00 |
| Jesus Villega Olivar | Hourly | $13.25 |
| Jose Alfredo Ferrufino | Hourly | $14.35 |
| Ramon Alexi Ferrufino | Hourly | $14.50 |

28.     Plaintiffs and similarly situated individuals typically and customarily worked 40 hours per week.

29.     Gali Service Industries ceased to operate on September 11, 2018.

30.     Plaintiffs and similarly situated individuals were not provided with any prior notice of Gali Service Industries' closure. Most Plaintiffs and similarly situated individuals were laid off on September 11, 2018.

31.     With rare exception, Plaintiffs and similarly situated individuals were not paid for work performed in the final two semi-monthly pay periods prior to their layoff date. Plaintiffs and similarly situated individuals were not paid for work performed during the following pay periods (dates inclusive):

        a.      August 16–31, 2018; and

        b.      September 1–15, 2018.

32.     Moreover, upon their termination, Plaintiffs and similarly situated individuals were not paid their accrued paid leave.

33.     Defendants did not have a policy that terminated employees were not entitled to their accumulated paid leave upon termination.

34.     Excluding liquidated damages, Plaintiffs are owed approximately the following amounts in unpaid wages and accrued paid leave:

| Plaintiff | Unpaid Wages | Accrued Leave |
|---|---|---|
| Homero Miguel Perez | $2,014.00 | $1,060.00 |
| Luis Cervantes Cisneros | $2,014.00 | $1,060.00 |
| Mario Alberto Mejia | $4,246.66 | $1,959.20 |
| Felipe Velasquez | $2,014.00 | $1,060.00 |
| Anibal Sanchez Lopez | $2,014.00 | $1,060.00 |
| Higo Velasquez | $2,014.00 | $1,060.00 |
| Agustin Lopez | $2,014.00 | $1,060.00 |
| Alfredo Landaverde | $2,090.00 | $1,100.00 |
| Jose Joya | $2,492.80 | $1,312.00 |
| David Gomez Salmeron | $2,014.00 | $1,060.00 |
| Zonia Lovo | ------------ | $3,744.00 |
| Juan Sandoval Cruz | $1,185.60 | $624.00 |
| Elmer Joel Rivera Guardado | $2,014.00 | $1,060.00 |
| Felipa Velasquez Romero | $2,014.00 | $1,060.00 |
| Ricardo Rodriguez | $2,014.00 | $1,060.00 |
| Ana Portillo Cabrera | $2,014.00 | $1,060.00 |
| Alicia Guadalupe Godoy | $2,128.00 | $1,120.00 |
| Jesus Villega Olivar | $3,021.00 | $1,060.00 |
| Jose Alfredo Ferrufino | $3,271.80 | $1,148.00 |
| Ramon Alexi Ferrufino | $3,306.00 | $1,160.00 |
| **Total** | **$43,895.86** | **$24,887.20** |

**Factual Allegations Regarding Defendants**

35.     Defendants operated Bolana Capitol and Bolana Enterprises (the "Bolana Entities") as successors in interest to Gali Service Industries.

36.     Defendant Gali Service Industries assigned its more profitable contracts to the Bolana Entities.

37.     Upon information and belief, Gali Service Industries assigned approximately one-third of its cleaning contracts to the Bolana Entities.

38.     When the Bolana Entities took over a cleaning contract from Gali Service Industries, they continued the employment of Gali Service Industries' prior staff.

39.     When the Bolana Entities took over a cleaning contract from Gali Service Industries, they continued to use the equipment and materials that had been purchased by Gali Service Industries.

40.     **To Plaintiffs and similarly situated individuals that continued to work under contracts taken over by the Bolana Entities, the Bolana Entities decided to pay only a portion of the wages that they were owed by Gali Service Industries. Specifically, the Bolana Entities paid those Plaintiffs and similarly situated individuals for the work they performed for Gali Service Industries between September 1–12, 2018. The Bolana Entities refused to pay those Plaintiffs and similarly situated individuals the wages they were owed for work performed from August 16, 2018 to August 31, 2018, or for their accrued paid leave.**

41.     At all relevant times, Defendants had the power to hire and fire Plaintiffs.

42.     At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

43.     At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

44.     At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

45.     During the course of Plaintiffs' employment with Gali Service Industries, Defendants Francisco Gali, Sr., Francisco Javier Gali, Francisco Cedillos, and Leroy Dock each participated in decisions to hire, fire, and promote employees of Gali Service Industries.

46.     During Plaintiffs' employment with Gali Service Industries, Defendants Francisco Gali, Sr., Francisco Javier Gali, Francisco Cedillos, and Leroy Dock each participated in decisions regarding Gali Service Industries' pay practices, including decisions regarding hourly rates and vacation benefits.

47.     Defendants Francisco Gali, Sr., Francisco Javier Gali, Francisco Cedillos, and Leroy Dock each participated in the decision to cease the operations of Gali Service Industries.

48.     Defendants Francisco Gali, Sr., Francisco Javier Gali, Francisco Cedillos, and Leroy Dock each participated in the decision(s) of when and how to notify Plaintiffs of their layoffs.

49.     Defendants Francisco Javier Gali, Leroy Dock, and Valerie Dock each participated in the decision(s) over which contracts to assign from Gali Service Industries to Bolana.

50.     Defendants Francisco Javier Gali, Leroy Dock, and Valerie Dock each participated in Bolana's decision to pay some of Gali Service Industries' former employees for wages owed from September 1, 2018 through September 11, 2018.

51.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiffs all wages legally due to Plaintiffs.

## CLASS ACTION ALLEGATIONS

37.     Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

38.     This action is maintainable as an "opt-out" class action pursuant to Fed. R. Civ. P. 23(b)(3).

40.     Plaintiffs bring their claims on their own behalf, and on behalf of: **All individuals employed by Gali Service Industries in the District of Columbia and/or Maryland who (a) were not paid for work performed between August 1, 2018 and September 12, 2018 and/or (b) were not paid for their accrued paid leave when they were terminated by Gali Services Industries in 2018.**

41.     On information and belief, the putative class consists of approximately 800 former employees.

42.     On information and belief, each putative class member is owed on average approximately $2,000.00 in unpaid wages and accumulated paid leave.

43.     On information and belief, approximately half of the putative class members worked for Defendants in the District of Columbia, and approximately half of the putative class members worked for the Defendants in Maryland.

44.     On information and belief, Defendants owe members of the putative class approximately $**1,600,000.00** ($2,000.00 × 800 individuals) in unpaid wages and accumulated leave. Moreover, Defendants owe an additional **$2,400,000.00** in liquidated damages ($800,000.00 × 3) to their D.C. pursuant to the DCWPCL and an additional **$1,600,000.00** in liquidated damages ($800,000.00 × 2) to their Maryland employees pursuant to the MWPCL.

### Numerosity and the Impracticability of Joinder

45.     The putative class is so numerous that individual joinder of all members is impracticable.

46.     The putative class consists of approximately 800 individuals.

47.     Putative class members live in multiple judicial jurisdictions, including Maryland, Virginia, and the District of Columbia.

48.     Virtually all putative class members are low-wage Latino workers.

49.     Many putative class members do not speak, read, or write English.

50.     Many putative class members have claims so small that it would not be feasible for them to pursue their claims independently.

### Commonality

51.     All putative class members performed similar job duties that involved non-exempt manual labor.

52.     All putative class members were subject to the same timekeeping practices and employment policies.

53.      The employment of all putative class members is subject to the same relevant laws: the

MWPCL and the DCWPCL.

54.      All putative class members were paid in the same manner.

55.      Not only are there common questions of law and fact; each putative class member's claim

is virtually *identical*. Differences between the amounts owed to each member may be resolved

by a simple formula.

### Typicality / Adequacy

56.      Plaintiffs are typical of the putative class members. They performed similar job duties as

fellow class members; they worked schedules similar to their fellow class members; and they

were subject to the same employment policies as their fellow class members.

57.      There is no reason that Plaintiffs would not vigorously pursue the claims of the putative

class.

58.      Undersigned counsel has litigated over 100 cases in state and federal court that implicate

the FLSA, DCMWA, DCWPCL, MWHL, and/or MWPCL. He has been counsel in class,

collective, and "hybrid" (class + collective) actions.

59.      There is no reason undersigned counsel would not vigorously pursue the claims of the

putative class.

### Predominancy / Superiority

60.      As stated above, the questions of fact and law are nearly identical between putative class

members.

61.      It is far more efficient to litigate the claims of the putative class in one single case than it

would be for the Court to preside over dozens of nearly identical lawsuits.

62.     Given the demographic characteristics of the putative class, it is in the interest of putative class members to litigate these claims as efficiently as possible.

63.     Separate actions would only serve to limit Defendants' liability at the expense of the rights provided to low-wage workers under the DCWPCL and the MWPCL.

## COUNT I
### FAILURE TO PAY WAGES UNDER THE DCWPCL

64.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

65.     Each defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL. D.C. Code § 32-1301(1).

66.     The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

67.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

68.     For purposes of the DCWPCL, "wages" include accumulated paid leave.

69.     Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiffs all wages due.

70.     Defendants' violations of the DCWPCL were willful.

71.     For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY WAGES UNDER THE MWPCL

72.     Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

73.     Each Defendant was an "employer" of Plaintiffs and similarly situated individuals within the meaning of the MWPCL, Md. Code, Lab. & Empl. Art., § 3-501(b).

74.     The MWPCL requires employers to promptly pay employees "all compensation that is due to an employee for employment." Md. Code, Lab. & Empl. Art., § 3-501(c)(1).

75.     Defendants violated the MWPCL by knowingly failing to promptly pay Plaintiffs and similarly situated individuals all compensation that was due to them.

76.     Defendants' MWPCL violations were willful.

77.     For its MWPCL violations, Defendants are liable to Plaintiffs and similarly situated individuals for three times the amount of the unpaid wages, plus court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$5,600,000.00**, and grant the following relief:

a.     Award the District of Columbia Plaintiffs $3,200,000.00, consisting of unpaid wages and accumulated paid leave, plus three times this amount as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.     Award the Maryland Plaintiffs $2,400,000.00, consisting of three times the amount of unpaid wages and accumulated paid leave, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., § 3-507.2

c.     Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

15

d.      Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix approved

in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for

the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code

§ 32-1308(b)(1);

e.      Award Plaintiffs court costs (currently, $400.00); and

f.      Award any additional relief the Court deems just.

Date: October 30, 2018                                Respectfully submitted,

                                                      /s/ Justin Zelikovitz
                                                      JUSTIN ZELIKOVITZ, #986001
                                                      DCWAGELAW
                                                      519 H Street NW
                                                      Washington, DC 20001
                                                      Phone: (202) 803-6083
                                                      Fax: (202) 683-6102
                                                      justin@dcwagelaw.com

                                                      *Counsel for Plaintiffs*

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury on all issues so

triable.

                                                      /s/ Justin Zelikovitz